WILLIAM PIERPONT v. JOHN PIERPONT.

Where the affidavit for publication of citation stated that the residence of the defendant was " known to the affiant," (instead of unknown,) " and that in consequence personal service cannot be had on him," judgment having gone by default, the Court said that the mistake was not material ; but the judgment was reversed on another ground.

The failure to make a statement of the facts upon which an *ex parte* judgment is based, where the defendant has been cited by publication, is error, for which the judgment must be reversed.

Error from Shelby. Tried below before the Hon. Archibald W. O. Hicks.

Suit by defendant in error against plaintiff in error, service by publication, and judgment by default. The affidavit for publication of the citation, stated that the residence of the defendant was " known to affiant, and that in consequence personal service can not be had on him." There was no statement of facts, upon which the judgment was rendered.

*J. M. Ardrey*, for plaintiff in error, argued that the affidavit for publication was fatally defective, and as to failure to make out statement of facts, cited McFadden v. Lockhart, 7 Tex. R. 537 ; Chrisman v. Miller, 15 Id. 159.

*T. W. Jones*, for defendant in error, argued that the failure to make out a statement of facts was subsequent to the judgment and ministerial, and ought not to affect the correctness of the judgment.

WHEELER, J. There is nothing in the objection taken to the service. It evidently appears by the affidavit what was intended. And it was understood and acted on by the officer.

But the omission of the Court to make out a statement of facts is fatal to the judgment. That is a positive requirement of the Statute, which cannot be dispensed with. (Hart. Dig. Art. 782 ; McFadden v. Lockhart, 7 Tex. R. 573.) The judgment is reversed and the cause remanded.